IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,  Plaintiff  vs.  NIGEL C. MURRAY, MEKA S. MURRAY, WILLIE ALBERT BROWN, JR., in his capacity as guardian of Willie Albert Brown, Sr., an incapacitated adult, et al.,  Defendants | * * * * * * * * * |

CASE NO. 4:05CV-35 (CDL)

O R D E R

The Court presently has pending before it Plaintiff's Motion for Appointment of Guardian Ad Litem for Willie Albert Brown, Sr., an incapacitated adult, and to Dismiss, Without Prejudice, Defendants Willie Albert Brown, Jr. and the Estate of Linda Ann Murray as parties to this action (Doc. 21). For the reasons described herein, Plaintiff's motion is granted, and the Court appoints Warner L. Kennon as the Guardian Ad Litem for Willie Albert Brown, Sr. for the purpose of evaluating whether a claim should be asserted in this interpleader action on behalf of Willie Albert Brown, Sr.

This interpleader action arises from the death of Linda Ann Murray ("Decedent") who at the time of her death was an insured under a life insurance policy with Plaintiff ("Liberty Policy"). The Decedent was married to Willie Albert Brown, Sr. ("Brown Sr.") at the time of her death. Brown Sr. and the Decedent's children, Nigel C.

Murray and Meka S. Murray ("Murray Children"), are the named co-beneficiaries under the Liberty Policy.[1]

The Murray Children have asserted claims to the entire proceeds of the Liberty Policy, contending that Brown Sr. has no claim to his share of the proceeds because he allegedly murdered the Decedent. Plaintiff filed this interpleader action to permit all conflicting claims to the life insurance proceeds to be resolved.

The Defendant Brown Sr. is apparently incapacitated. His son, Albert Brown, Jr. ("Brown Jr."), and his sister, Earetha K. Tymes ("Tymes"), have been previously appointed by the Probate Court in Chattahoochee County as his personal guardians. Plaintiff, after reasonably diligent efforts to locate Brown Jr. to serve him with this interpleader action, has concluded that it cannot find him to serve him. Plaintiff has served Tymes, but she has not filed an answer to the Complaint and is presently in default. Based on the difficulties encountered in attempting to have Brown Sr.'s interests represented in this interpleader action by his current personal guardians, Plaintiff moves the Court to appoint an independent guardian ad litem to represent Brown Sr.'s interests in this action.

The Court has the authority to appoint a guardian ad litem to represent the interests of an incompetent person. Fed. R. Civ. P. 17(c). The Court finds that Willie Albert Brown, Sr. is incompetent for purposes of this action and needs a guardian ad litem to represent his interests. Accordingly, the Court appoints Warner L. Kennon ("Kennon") as the guardian ad litem for Willie Albert Brown, Sr. to represent his interests in this interpleader action.

---

[1] The Murray Children are not the children of Brown Sr.

Kennon shall investigate this matter and evaluate whether a claim should be asserted on behalf of Brown Sr.  After making that determination, Kennon shall file a report with the Court informing the Court whether he intends to pursue such a claim.  Kennon shall be compensated for his fees at the rate of $250.00 per hour and shall be reimbursed for all reasonable expenses.  His compensation shall be limited to work performed that is necessary to investigate and evaluate whether Willie Albert Brown, Sr. has a legitimate claim to any of the insurance proceeds, and his compensation shall not exceed $5,000.00 without further order of the Court.  Kennon's compensation shall be imposed as costs of this litigation which shall be paid by Plaintiff as follows.  Kennon shall submit his invoice(s) to the Court with a copy to Plaintiff's counsel.  The Court will review and approve the invoice.  Upon the Court's approval, Plaintiff shall deposit with the Clerk of Court the approved amount as ordered by the Court.  When that payment has cleared, the Clerk will then disburse the proceeds to Kennon as payment of his invoice.  The Court notes that at the hearing on this motion Plaintiff consented to such payment and this process.

    If Kennon determines that Brown Sr. has a legitimate claim to the proceeds, then Kennon's compensation from the time that such determination is made that a claim should be pursued shall not be assessed as costs against Plaintiff nor paid through the Court as outlined hereinabove.  Instead, if Kennon decides to pursue a claim to the proceeds, his compensation for pursuing any such claim after he has informed the Court of his intentions to pursue a claim would have to be paid by his ward, Brown Sr., presumably from any ultimate recovery.

As the guardian ad litem for Willie Albert Brown, Sr., Kennon shall have all powers necessary under federal and Georgia law to represent Brown Sr.'s interests in this litigation.

The Court also grants Plaintiff's motion to dismiss Willie Albert Brown, Jr. and the Estate of Linda Ann Murray without prejudice.

In addition to serving the existing parties in this action, a copy of this Order shall be served upon Warner L. Kennon at the following address:  P. O. Box 2015, Columbus, Georgia 31902-2015. Mr. Kennon shall be served with all future filings as if he were a party to this action.

IT IS SO ORDERED, this 6th day of January, 2006.

                                              S/Clay D. Land
                                                  CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE